**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorney for Plaintiff Deborah Imig and the Plaintiff Class*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEBORAH IMIG, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

GUTHY-RENKER LLC and WEN BY CHAZ DEAN INC.,

Defendants.

Case No.

CLASS ACTION COMPLAINT

1. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et. seq.*
2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et. seq.*
3. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et. seq.*
4. BREACH OF CONTRACT
5. BREACH OF WARRANTY
6. NEGLIGENCE – FAILURE TO WARN
7. NEGLIGENCE – FAILURE TO TEST
8. STRICT PRODUCTS LIABILITY

DEMAND FOR JURY TRIAL

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

Plaintiff Deborah Imig, individually and on behalf of all other similarly situated purchasers (the "Class") of various varieties of Wen Cleansing Conditioner (the "Product(s)"), including Coconut Mango, Cranberry, Fig, Lavender, Pomegranate, Sweet Almond Mint, and Tea Tree, brings this complaint against Guthy-Renker LLC ("Guthy-Renker") and Wen by Chaz Dean Inc. ("WEN") (collectively "Defendants") and alleges as follows:

## I. NATURE OF THE ACTION

1. This is a class action for restitution and injunctive relief against Defendants for (1) breach of warranty, (2) false and misleading advertising in violation of Business & Professions Code Section 17200, *et seq*. and (3) Business & Professions Code Section 17500, *et seq*., (4) breach of contract, (5) negligence – failure to warn, (6) negligence – failure to test, and (7) strict products liability.

2. Chaz Dean is a famous celebrity hair stylist, who through his company WEN, created and developed the formula for WEN Cleansing Conditioner, which is marketed as "a revolutionary way to cleanse and hydrate the hair." WEN licenses the Products to Guthy-Renker, which manufactures, markets, sells, and distributes WEN Cleansing Conditioner throughout the United States.

3. In its labeling and advertising of the Product, Defendants claim that the Products are "[g]ood for all hair types and textures" and leave hair with "strength, moisture, and manageability." Defendants further claim "WEN® is gentle enough to use every day" and "WEN® isn't like an ordinary shampoo so you want to use more of it, not less. You can never use too much! The more you use, the better the results."

4. Defendants use "before and after" photographs that suggest use of the Products will transform dry, frizzy, and damaged hair into healthy, shiny hair. Defendants' consistent and uniform claims are false, misleading, and/or likely to deceive. In reality, the Products do not make hair healthier and stronger. On the contrary, the Products result in significant hair loss and scalp irritation. The hair loss caused by WEN Cleansing Conditioner often continues for weeks before abating,

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

even if the consumer immediately discontinues use of the Product. Consumers who suffer hair loss often lose one quarter to one third of their hair, or more.

5. Despite being touted as "gentle" and "safe" and "sulfate-free," the Products use numerous harsh chemicals and known human allergens, such as Hydroxycitronellal. In addition, one or more of the Products' active ingredients act as a depilatory and caustic agent, by causing a chemical reaction that damages the hair strand and/or follicle. The effect of this ingredient(s) renders the Products dangerous and unsafe for sale as an over-the-counter hair product.

6. Defendants failed to properly warn consumers, including Plaintiff, either in their extensive television, print, and online marketing of the Products or on the package labeling, that they were at risk of significant hair loss, damage and/or other injuries upon proper application of the Products. Defendants continued to conceal the dangers of the Products by failing to appropriately and fully discontinue and recall the Products, by continuing to claim the Products are safe when properly applied, by offering more of the Products to the market and by failing to warn consumers, including Plaintiff.

7. Plaintiff and the Class have suffered injury in fact and lost money as a result of their use of WEN Cleansing Conditioner.

## II. JURIDICTION AND VENUE

8. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

9. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff is a citizen of California, resides in this

District, and her online purchase of the Product was made and delivered in this District. Moreover, Defendants receive substantial compensation from sales in this District, and Defendants made numerous misrepresentations which had a substantial effect in this District, including, but not limited to, label, packaging, and internet advertisements, among other advertising.

10. Defendants are subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendants and California. Defendants are authorized to do and doing business in California.

## III. THE PARTIES

11. Plaintiff is, and at all times relevant hereto was, a citizen of California. Plaintiff purchased the Products on the internet from within this District and said Products were delivered to her in this District. Plaintiff relied upon advertising and other promotional material which were prepared and approved by Defendants and its agents and disseminated through national advertising media, containing the misrepresentations alleged herein and designed to encourage consumers seeking healthy, beautiful hair to purchase the Products. Plaintiff used the Product as instructed. However, Plaintiff did not experience any of the advertised benefits. In fact, Plaintiff suffered hair loss.

12. WEN by Chaz Dean Inc. is a California corporation with its principal place of business located at 6444 Fountain Avenue, Los Angeles, CA 90028. WEN, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. WEN is the owner, manufacturer, advertiser, and distributor of the Products, and is the company that created and/or authorized the false, misleading, and deceptive advertisements and/or packaging and labeling for the Products.

13. Guthy-Renker LLC is California corporation with its principal business place of business located at 3340 Ocean Park Blvd., Santa Monica, CA 90405. Guthy-Renker, directly and through its agents, has substantial contacts with and

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

receives substantial benefits and income from and through the State of California. Guthy-Renker is the owner, manufacturer, advertiser, and distributor of the Products, and is the company that created and/or authorized the false, misleading, and deceptive advertisements and/or packaging and labeling for the Products.

## IV. CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action on their own behalf and on behalf of all other persons similarly situated. The Class and/or Subclass (the "Class") which Plaintiff seeks to represent are:

a. All persons residing in the United States who purchased the Products for personal use and not for resale during the time period January 25, 2012 through the present, excluding Defendants' officers, directors, employees, and endorsers.

b. All persons residing in the State of California who purchased the Products for personal use and not for resale during the time period January 25, 2012 through the present, excluding Defendants' officers, directors, employees, and endorsers.

15. The Class is so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands throughout the United States and California. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third party retailers and vendors.

16. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

a. Whether Defendants possesses competent and reliable scientific evidence to support their label and advertising claims;

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

b. Whether Defendants knew or should have known that the Products caused significant hair loss and other adverse effects;

c. Whether Defendants failed to disclose the Products' defects to the public

d. Whether Defendants' conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

e. Whether Defendants' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

f. Whether Defendants' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq.*;

g. Whether Defendants made false and misleading representations in their advertising and packaging of the Product;

h. Whether Defendants knew or should have known that the representations were false; and

i. Whether Defendants knew or should have known that the Products were potentially harmful.

17. Plaintiff's claims are typical of the claims of the Class in that the named Plaintiff purchased the Products in reliance upon the representations and warranties described herein, and suffered a loss as a result of those purchases.

18. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Indeed, Plaintiff purchased the Product because of the claims by Defendants that the Product was capable of healing dry, damaged hair and producing strong, healthy hair, as well as protecting hair from future damage. Plaintiff relied on Defendants' representations and would not have purchased the Product if she had known that the advertising as described herein was false and that the Product would result in significant hair loss.

///

19. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

20. A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for Class members to prosecute their claims individually.

21. The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

22. Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

23. Absent a class action, Defendants will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

## V. FACTUAL BACKGROUND

24. Plaintiff purchased the Sweet Almond Mint Deluxe Kit on June 10, 2015 for the price of $39.95. Nowhere on the WEN website or in Plaintiff's order confirmation was there a warning regarding hair loss or other adverse effects.

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

25. Upon using the Product as directed, Plaintiff began to experience hair loss. On September 12, 2015, after about three months of using the Product, Plaintiff was still experiencing an abnormal amount of hair loss, so she notified WEN. Rather than advising Plaintiff to discontinue use of the Product, WEN sent her the Pomegranate variation of the Product.

26. Plaintiff used the new variation of the Product for another three months. During that time, Plaintiff experienced even more hair loss and such extreme scalp sensitivity that she sought out a dermatologist, who conducted a biopsy and could find no cause for her sensitivity. Finally, Plaintiff decided that the only explanation for her hair loss and sensitive scalp was the Product. She contacted WEN on December 18, 2015 to discontinue her subscription and again inform them of her hair loss.

27. Defendants' advertising, including print, packaging, television and radio advertising, conveys a single, consistent false and misleading message to consumers.

28. The false and misleading representations concerning the advertising, marketing, and packaging of the Products include the following:

a. "Hair is left with strength, moisture, and manageability;"

b. "Good for all hair types and textures;"

c. "In a 3-week user perception study of Sweet Almond Mint Cleansing Conditioner, up to: 100% said hair was more moisturized, 97% noticed that WEN added more shine, 95% reported that hair became more manageable;"

d. "You can use it every day as it is designed to gently cleanse and hydrate your hair;" and

e. "Before, my hair was brittle, dry . . . I used WEN one time . . . my hair feels smooth, soft, and healthy."

///

///

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

29. Defendants use "before" and "after" photographs that suggest use of the Product will result in the healthier, shinier, more manageable hair as follows:







30. These claims about the Product are false and misleading.

31. Defendants advertise the Products as being free from "harsh sulfates found in some ordinary shampoos." Plaintiff and other reasonable consumers take this representation and others made by Defendants to mean that the Products are a safe, gentle alternative to ordinary shampoos and that the Products will not cause hair loss upon use.

32. Plaintiff and other consumers would expect a label or warning regarding any potential serious side effects, including significant hair loss. This expectation is reasonable in light of the Food, Drug, and Cosmetic Act regulation that states cosmetics that may be hazardous to consumers must include a warning. 21 C.F.R. § 740.1.

33. Defendants knew or should have known of the harmful effects of the Product given that shortly after the Products were put on the market for sale, consumers began complaining and continued to complain through the present about significant hair loss relating to their use of the Products.

34. Upon information and belief, Plaintiff alleges that during the course of the deception, Defendants have sold millions of units of the Products based upon the false promises and misleading advertisements targeted at beauty-conscious consumers.

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

35. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Indeed, Plaintiff purchased the Product in reliance upon Defendants' express and implied claims that the Product was capable of providing various benefits and was safe for all hair types and textures. Plaintiff would not have purchased the Product if she had known that the advertising as described herein was false.

36. Defendants' false and misleading statements should be enjoined due to the false, misleading, and/or deceptive nature of Defendants' significant omission regarding the hazardous effects of the Products. In addition, Defendants should be compelled to provide restitution and damages to consumers that Defendants duped into spending money on the Products which, quite simply, is incapable of effectuating the advertised benefits and results in substantial adverse effects in an amount to be determined at trial.

37. Through its false and deceptive claims, Defendants have successfully misled consumers into purchasing the Product and, as a result, have profited up to millions of dollars.

**VI.**

**FIRST CAUSE OF ACTION**

**FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, *et seq*.**

**(By Plaintiff against all Defendants)**

38. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

39. This cause of action is brought pursuant to Business and Professions Code § 17200, *et seq*., on behalf of a Class consisting of all persons who purchased the Products in the United States for personal use and not for resale during the time period January 25, 2012 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

from Defendants in connection with that individual's use or endorsement of the Product.

40. In the alternative, this cause of action is brought pursuant to Business and Professions Code § 17200, *et seq*., on behalf of a Class consisting of all persons who purchased the Products in the State of California for personal use and not for resale during the time period January 25, 2012 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

41. In their advertising of the Product, Defendants make false and misleading statements regarding the benefits and the efficacy of the Product, as discussed in the preceding paragraphs.

42. Defendants' advertising claims about the Product, as alleged in the preceding paragraphs, are false, misleading, unsubstantiated and unreasonable. In addition, Defendants deliberately omitted material facts regarding the Products' hazardous effects, knowing that Plaintiff and other consumers would purchase the Products in reliance upon the previously described misrepresentations.

43. Defendants are aware that the claims that they make about the Product are false, misleading, unsubstantiated, and unreasonable. Defendants are also aware of the Products' defects, i.e. causing hair loss, scalp irritation, and other adverse effects. Plaintiff and other consumers were entitled to disclosure of these defects, as the risk of significant hair loss and other damage would be a material fact in a consumer's decision to purchase the Products and Defendants' disclosure is the only way consumers could have learned of these risks.

44. As alleged in the preceding paragraphs, the misrepresentation and omission by Defendants of the material facts detailed above constitutes an unfair and fraudulent business practice within the meaning of California Business & Professions Code § 17200.

45. In addition, Defendants' use of various forms of advertising media to advertise, call attention to or give publicity to the sale of goods or merchandise that are not as represented constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code §§ 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code § 17500.

46. Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of the Products. Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations and defects in an amount to be determined at trial.

47. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' omissions and false representations. Indeed, Plaintiff purchased the Product in reliance on Defendants' claims the Product was safe and capable of delivering the advertised benefits. Plaintiff would not have purchased the Product if she had known that the advertising as described herein was false.

## VII.

## SECOND CAUSE OF ACTION

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, *et seq.*

**(By Plaintiff against all Defendants)**

48. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

49. This cause of action is brought pursuant to Business and Professions Code § 17500, *et seq*., on behalf of a Class consisting of all persons who purchased the Products in the United States for personal use and not for resale during the time period January 25, 2012 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

50. In the alternative, this cause of action is brought pursuant to Business and Professions Code § 17500, *et seq*., on behalf of a Class consisting of all persons who purchased the Products in the State of California for personal use and not for resale during the time period January 25, 2012 through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

51. In their advertising of the Product, Defendants make false and misleading statements regarding the benefits and the efficacy of the Product, as discussed in the preceding paragraphs.

52. Defendants' advertising claims about the Product, as alleged in the preceding paragraphs, are false, misleading, unsubstantiated and unreasonable. In addition, Defendants deliberately omitted material facts regarding the Products' hazardous effects, knowing that Plaintiff and other consumers would purchase the Products in reliance upon the previously described misrepresentations.

53. Defendants are aware that the claims that they make about the Product are false, misleading, unsubstantiated, and unreasonable. Defendants are also aware of the Products' defects, i.e. causing hair loss, scalp irritation, and other adverse effects. Plaintiff and other consumers were entitled to disclosure of these defects, as the risk of significant hair loss and other damage would be a material fact in a consumer's decision to purchase the Products and Defendants' disclosure is the only way

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

consumers could have learned of these risks.

54. As alleged in the preceding paragraphs, the misrepresentation and omission by Defendants of the material facts detailed above constitutes false advertising within the meaning of California Business & Professions Code § 17500.

55. In addition, Defendants' use of various forms of advertising media to advertise, call attention to or give publicity to the sale of goods or merchandise that are not as represented constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code §§ 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code § 17500.

56. Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising the sale and use of the Products. Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations and defects in an amount to be determined at trial.

57. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' omissions and false representations. Indeed, Plaintiff purchased the Product in reliance on Defendants' claims the Product was safe and capable of delivering the advertised benefits. Plaintiff would not have purchased the Product if she had known that the advertising as described herein was false.

///

///

///

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

**VIII.**

**<u>THIRD CAUSE OF ACTION</u>**

**<u>VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq*.</u>**

**(By Plaintiff against all Defendants)**

58. Plaintiff repeats and realleges the all allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

59. This cause of action is brought pursuant to Civil Code § 1750, *et seq*., the Consumers Legal Remedies Act ("CLRA"), on behalf of a Class as defined herein.

60. The policies, acts, and practices described herein were intended to result in the sale of the Product to the consuming public, particularly women, and violated and continue to violate § 1770(a)(5) of the CLRA by representing that the Products have characteristics, benefits, uses, or quantities which they do not have.

61. The policies, acts, and practices described herein were intended to result in the sale of the Product to the consuming public, particularly women, and violated and continue to violate § 1770(a)(7) of the CLRA by representing that the Products are of a particular standard, quality, grade, or style, when they are of another.

62. The policies, acts, and practices described herein were intended to result in the sale of the Product to the consuming public, particularly women, and violated and continue to violate § 1770(a)(9) of the CLRA by advertising the Products with the intent not to sell them as advertised.

63. Defendants fraudulently deceived Plaintiff and the Class, and intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

64. Defendants knew that the Products do not cause the benefits and results contained in their advertisements.

65. Defendants' actions as described herein were done with conscious disregard of Plaintiff's rights and Defendant was wanton and malicious in its

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

concealment of the same.

66. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations.

67. This Complaint serves as statutory notice to Defendants pursuant to Section 1782(e) of the CLRA of the violations described herein. Accordingly, in the event Defendants fail or refuse to agree within 30 days after service of this Complaint to cure the alleged unlawful acts within a reasonable time pursuant to Section 1782(b) or (c), then Plaintiff shall amend this Complaint to add the remedy of damages.

**IX.**

**FOURTH CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(By Plaintiff against all Defendants)**

68. Plaintiff repeats and realleges the all allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

69. Plaintiff and the Class entered into a contract with Defendants to purchase the Products in which they paid money and conferred a benefit on Defendants.

70. All conditions precedent to Defendants' liability under this contract have been performed by Plaintiff and the Class.

71. Defendants breached their contract with Plaintiff and the Class by providing defective products which did not perform as advertised.

72. Plaintiff and the Class did not receive the benefit of their bargain, therefore they have suffered injury in fact and lost money as a result of Defendants' breach.

**X.**

**FIFTH CAUSE OF ACTION**

**BREACH OF WARRANTY**

**(By Plaintiff against all Defendants)**

73. Plaintiff repeats and realleges the allegations set forth above, and

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

incorporate the same as if set forth herein at length.

74. Defendants expressly warranted in their marketing and packaging of the Products that said Products are a safe, more effective product that can strengthen, protect, and repair damaged hair, regardless of type or texture, all as set forth above. Defendants' claims constitute an affirmation of fact that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise. Plaintiff placed importance on Defendants' claims.

75. In addition to the express warranties contained in Defendants' marketing and packaging, Defendants have a legal duty to provide consumers with products that are reasonably fit for their advertised purposes. Rather than selling a product that performs as advertised, Defendants breached the implied warranty by providing consumers with a product containing defects that result in hair loss and other adverse effects.

76. All conditions precedent to Defendants' liability under this contract have been performed by Plaintiff and the Class.

77. Defendants breached the terms of its warranties by not providing Product that can perform as advertised.

78. As a result of Defendants' breach of its warranties, Plaintiff and the Class have been damaged in the amount to be determined at trial.

## XI.

## SIXTH CAUSE OF ACTION

## NEGLIGENCE – FAILURE TO WARN

**(By Plaintiff against all Defendants)**

79. Plaintiff repeats and realleges the all allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

80. At all times during the Class Period, Defendants were responsible for designing, formulating, testing, manufacturing, inspecting, distributing, marketing, supplying, and selling the Products.

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

81. Use of the Products as intended or reasonably foreseeable by Defendants involved the risk of significant hair loss, scalp irritation, and other adverse effects.

82. As manufacturers, distributors, and/or sellers of the Products, Defendants had a legal duty to warn consumers of the risks and dangers associated with the Products' use.

83. Wen has received thousands of customer complaints of hair loss on various different platforms. Upon receiving these complaints, Defendants had a legal duty to warn customers that the Products could cause hair loss. However, no such warning has ever been given.

84. Defendants breached this duty of care when they negligently failed to warn consumers about the defects and risks associated with the Products.

85. Defendants knew or should have known of the Products' defects and risks as previously described and knew that without a warning from Defendants, Plaintiff and the Class could not reasonably be aware of the defects and risks. The absence of warnings is a blatant failure to exercise reasonable care.

86. Plaintiff and the Class have suffered injury in fact and lost money as a direct and proximate cause of Defendants' failure to adequately warn consumers of the Products' defects and risks.

## XII.

## <u>SIXTH CAUSE OF ACTION</u>

## <u>NEGLIGENCE – FAILURE TO TEST</u>

**(By Plaintiff against all Defendants)**

87. Plaintiff repeats and realleges the all allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

88. Defendants owed a duty of care to Plaintiff and the Class in their testing, development, design, manufacturing, marketing, and sale of the Products.

89. Defendants did not adequately design or test the Products, thereby breaching their duty of care to Plaintiff and the Class by providing them with

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

dangerous and defective Products.

90. Once hair loss and other concerns were brought to Defendants' attention, they had a duty to adequately inform consumers of these risks. In failing to either warn customers or discontinue selling the Products, Defendants further breached their duty of care.

91. Defendants knew or reasonably should have known that the Products could cause significant hair loss, scalp irritation, and other adverse effects. By marketing and selling the Products regardless of these known dangers, Defendants breached their duty to exercise reasonable care.

92. Defendants knew or should have known that their failure to exercise reasonable care by performing inadequate testing could result in injury and economic damage to Plaintiff and the Class.

93. Plaintiff and the Class have suffered injury in fact and lost money as a direct and proximate cause of Defendants' failure to adequately test the Products.

**XIII.**

**SEVENTH CAUSE OF ACTION**

**STRICT PRODUCTS LIABILITY**

**(By Plaintiff against all Defendants)**

94. Plaintiff repeats and realleges the all allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

95. Defendants produce, manufacture, design, market, distribute, and/or sell the Products.

96. The Products that Defendants produced, manufactured, designed, marketed, distributed, and/or sold cause significant damage to the hair and scalp. These foreseeable risks greatly outweigh the potential benefits of the Products' formulation.

97. The Products contained a defect in their manufacturing which can result in significant hair loss, scalp irritation, and other adverse effects.

98. The Products' defect existed at the time the Products left Defendants' possession.

99. Plaintiff and the Class used the Products in a manner reasonably foreseeable to Defendants.

100. The Products' defect was the direct and proximate cause of Plaintiff's and the Class's injuries.

**XIV.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the members of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

A. An order certifying that the action may be maintained as a Class Action;

B. An order enjoining Defendants from pursuing the policies, acts, and practices complained of herein and requiring Defendants to pay restitution to Plaintiff and all members of the Class in an amount to be determined at trial;

C. Actual damages;

D. Punitive damages;

E. For pre-judgment interest from the date of filing this suit;

F. Reasonable attorney fees;

G. Costs of this suit; and

H. Such other and further relief as the Court may deem necessary or appropriate.

DATED: January 27, 2016

**CLARKSON LAW FIRM, P.C.**

/s/ Ryan J. Clarkson________

Ryan J. Clarkson
Shireen M. Clarkson, Esq.
Attorneys for the Plaintiff Class

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all triable issues.

DATED: January 27, 2016

**CLARKSON LAW FIRM, P.C.**

/s/ Ryan J. Clarkson________
Ryan J. Clarkson
Shireen M. Clarkson, Esq.
Attorneys for the Plaintiff Class

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013